**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:21-CR-00029-MAC** |
| **v.** § | |
| § | |
| § | |
| **CHRISTOPHER STEPHENS** § | |
| § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed December 7, 2021, alleging that the Defendant, Christopher Stephens, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Stephens was sentenced on August 21, 2014, before The Honorable Jorge A. Solis, of the Northern District of Texas, after pleading guilty to the offense of Mailing-Concerning an Explosive, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of IV, was 27 to 33 months. Stephens was subsequently sentenced to 32 months' imprisonment followed by a 2 year term of supervised release subject to the standard conditions of release, plus special conditions to include: mental health treatment, including rules of the treatment program; comply with all prescribed medication regimens as recommended by

his treatment team; authorize release of appropriate medical, mental health, and personal information to the probation officer; refrain from making threatening verbal statements; refrain from written or mailed threatening communications, refrain from leaving the judicial district without permission; answer truthfully all inquiries by the probation officer; permit the probation officer to visit him at any time at home or elsewhere; shall permit confiscation of any contraband observed in plain view of the probation officer; financial disclosure; and a $100 special assessment.

## II. The Period of Supervision

On January 25, 2021, Stephens completed his period of imprisonment and began service of the supervision term. On March 12, 2021, this case was re-assigned to U.S. District Judge Marcia A. Crone and transferred from the Northern District of Texas to the Eastern District of Texas.

On September 23, 2021, the term of supervised release was revoked and Stephens was sentenced to 9 months imprisonment, to include 163 days of unserved community confinement, followed by a 1-year term of supervised release. He was subject to the standard conditions of supervised release, plus special conditions to include financial disclosure; mental health treatment; restrictions on making threatening verbal, written, or mail statements. The Court also imposed the following special condition:

> The defendant shall reside in a residential reentry center or similar facility, in a prerelease component, for a period not to exceed 180 days to commence upon release from confinement and shall observe the rules of that facility. The defendant may be release from the residential reentry center or facility upon approval by the probation officer of an acceptable release plan and suitable living arrangement. Or, in the alternative, upon acceptance into a mental health treatment program, the defendant shall reside at a mental health treatment facility and comply with all terms of the inpatient treatment program. He shall comply with all conditions of the treatment program until his successful completion of the program and discharge by medical staff.

On November 16, 2021, Christopher Stephens completed his period of imprisonment and began service of the instant term of supervised release.

### III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising one allegation: that the Defendant shall reside in a residential reentry center or similar facility, in a prerelease component, for a period not to exceed 180 days to commence upon release from confinement and shall observe the rules of that facility.

### IV. Proceedings

On January 13, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to reside in a residential reentry center as directed. In return, the parties agreed that he should serve a term of 12 months' imprisonment, which shall include all unserved community confinement, with no supervised release to follow. This sentence shall run consecutively to the term imposed upon revocation in case number 1:16-CR-9-MAC pending in this same division and district.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without

credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing reside in a residential reentry center as directed, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for this offense is not more than 3 years, and a 9 month term of imprisonment was previously imposed upon revocation of supervised release.  Therefore, the authorized term of supervised release would be 27 months, less any term of imprisonment imposed upon a subsequent release.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to reside in a residential reentry center as directed. Based upon the

Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 12 months (which includes all unserved community confinement), with no term of supervised release to follow. This sentence shall run consecutively to the term imposed upon revocation in case number 1:16-CR-9-MAC pending in this same division and district.

### VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to reside in a residential reentry center as directed. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 12 months' imprisonment, which shall include all unserved community confinement, with no supervised release to follow. This sentence shall run consecutively to the term imposed upon revocation in case number 1:16-CR-9-MAC pending in this same division and district. Stephens

requested to serve his term of imprisonment at the Federal Medical Center in Fort Worth, Texas. His request should be accommodated, if possible.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

SIGNED this 25th day of January, 2022.

_____
Zack Hawthorn
United States Magistrate Judge